IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REBECCA PERDUE, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CASE NO. 2:07CV546 |
| | § | |
| NISSAN MOTOR CO. LTD. | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Nissan Motor Co.'s motion for new trial or judgment as a matter of law (Docket No. 117). For the reasons set forth below, the motion is **DENIED**.

## BACKGROUND

On July 22, 2008 Rebecca, Bobby, and Robyn Perdue (collectively "Plaintiffs") filed their first amended complaint against Nissan Motor Co. ("Nissan") alleging that Nissan's 1995 Pathfinder product was unreasonably dangerously defective resulting in injuries to the Plaintiffs. A jury trial was held on April 27, 2009. Following a four day trial, the jury returned a verdict in favor of the Plaintiffs, finding that there were no responsible third parties, and collectively awarding Plaintiffs $1,850,000 in damages. Final judgment on the jury verdict was rendered on May 4, 2009. Following final judgment, Nissan filed this motion for new trial or alternatively for judgment as a matter of law ("JMOL") under Federal Rules of Civil Procedure 50(b) and 59.

## APPLICABLE LAW

*JMOL Standard*

JMOL may not be granted unless "there is no legally sufficient evidentiary basis for a

1

reasonable jury to find as the jury did." *Hiltgen v. Sumrall*, 47 F.3d 695, 700 (5th Cir. 1995) (internal quotation marks omitted). A court reviews all the evidence in the record and must draw all reasonable inferences in favor of the nonmoving party, however, a court may not make credibility determinations or weigh the evidence, as those are solely functions of the jury. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000). However, a party that fails to move for JMOL at the close of the evidence "waives its right to file a renewed post-verdict Rule 50(b) motion." *See Flowers v. S. Reg'l Physician Servs.*, 247 F.3d 229, 238 (5th Cir. 2001)

*New Trial Standard*

Under Rule 59(a) of the Federal Rules of Civil Procedure, a new trial can be granted to any party to a jury trial on any or all issues "for any reason for which new trials have heretofore been granted in actions at law in courts of the United States." "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612-13 (5th Cir. 1985).

**APPLICATION**

Nissan's motion first contests the sufficiency of the evidence supporting the jury verdict and argues that the jury verdict was against the great weight of the evidence. Nissan never moved for a pre-verdict JMOL on any issue. Thus, Nissan failed to put either this Court or Plaintiffs on notice of its objections to the sufficiency of the evidence prior to the close of the evidence at trial. As a result, its ability to challenge the sufficiency of the evidence on any issue has been waived. Further, a review of the evidence reveals that no jury finding is against the great weight of the evidence and a new trial is not warranted on those grounds.

Next, Nissan challenges the admission of certain evidence. The particular evidence complained of or allegedly admitted is never specifically referenced. In fact, Nissan never obtained a transcript of the trial proceedings prior to filing its motion. Nissan relies on general descriptions of the type of evidence allegedly admitted to form its objections. Furthermore, Nissan fails to specifically reference any legal authority supporting its claims of error. In addition, none of Nissan's evidentiary objections were made at trial. Because the briefing regarding these evidentiary objections is wholly deficient and the objections were never raised during trial they are deemed waived. *See* Local Rule CV-7(b); FED. R. EVID. 103.

Additionally, Nissan complains that certain expert testimony was admitted in violation of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and Federal Rule of Evidence 702. Again, Nissan wholly fails to identify the specific testimony complained of. Further, Nissan never objected to this testimony either before or during trial. Nissan's *Daubert* objections are waived. FED. R. EVID. 103 ("stating the *specific ground* of the objection"). Nissan also objects to certain cross-examination questions asked of its liability expert at trial. None of these objections were raised during trial and are, thus, waived.

Nevertheless, any of Nissan's evidentiary objections that are deemed to have been both specific and timely enough to preserve error are also overruled on their merits.

Next, Nissan requests a new trial on the grounds that the Court allegedly impermissibly commented on the evidence and because Plaintiffs made improper jury arguments. As with Nissan's previous complaints, its briefing never specifically identifies the Court's instruction that was improper or the instances where Plaintiffs' argument was improper. Further, Nissan never objected to the Court's charge because it impermissibly commented on the evidence nor did it ever object to

the Plaintiffs' jury argument during trial. These objections are also waived.

Finally, this case arises out of a three vehicle collision between Rebecca Perdue, Kenneth Smith, and Jordan Mullins. Nissan designated Mr. Smith and Mr. Mullins as responsible third parties ("RTP") under the Texas Civil Practices and Remedies Code § 33.004(a). Nissan now argues that the jury was *required* to apportion a percentage of damage upon either or both Mr. Smith or Mr. Mullins. The argument amounts to an objection to the Court's charge because it failed to require the jury to assign a percentage of responsibility upon the designated RTPs. However, Nissan's own requested instructions specifically did not require the jury to assign any percentage of damages to the RTPs.

Nissan's requested instruction "Number 2" asked the jury if it found that the RTPs' negligence proximately caused the Plaintiffs' injuries. Docket No. 99 at 15. Nissan's next requested instruction provides: "[i]f you have answered "Yes" to Question Nos. 1 and 2 for more than one of the persons named below, then answer the following question. *Otherwise, do not answer the following question*." *Id.* at 16 (emphasis added). Nissan's requested question "Number 3" then asked the jury to assign percentages of responsibility among the RTPs and Nissan. *Id.* Thus, Nissan's requested instruction required the jury not to assign a percentage responsibility to the RTPs if they found that the RTP's negligence did not contribute to Rebecca Perdue's injuries. For this reason, Nissan's objection is waived.

Furthermore, even if the Court were to construe Nissan's argument as a motion for JMOL on the issue of the RTPs' contributory negligence in light of Plaintiffs' stipulation that Mr. Smith and Mr. Mullins did have a vehicular collision with Mrs. Perdue, Nissan has waived all post-verdict JMOLs.

Finally as Nissan's proposed jury instructions (later adopted by the Court) reveal, the jury was properly asked whether Mrs. Perdue's *injuries* were proximately cause by the negligence of the RTPs. Plaintiffs presented more than sufficient evidence during trial that Mrs. Perdue's injuries resulted from Nissan's product rather than the mere occurrence of the vehicular collision. In fact, on "Question 2" contained in the verdict form returned by the jury, the Foreman underlined the word "negligence" and circled the word "injuries." *See* Verdict Form, Docket No. 111 at 12. This evidences the jury's understanding of the Court's instruction (and Nissan's proposed instruction), and its specific finding that the "negligence" of the RTPs did not proximately cause Mrs. Perdue's "injuries." For these reasons, Nissan's objection with regard to the jury's answers to questions Numbers 2 and 3 are deemed waived and overruled on its merits.

## CONCLUSION

For the aforementioned reasons, Nissan's motion is **DENIED**.

**So ORDERED and SIGNED this 9th day of August, 2009.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**